1  Douglas J. Melton, Bar No. 161353
   Shane M. Cahill, Bar No. 227972
2  LONG & LEVIT LLP
   dmelton@longlevit.com
3  scahill@longlevit.com
    465 California Street, 5th Floor
4  San Francisco, California  94104
   (415) 397-2222
5  Telephone:    (415) 397-2222
   Facsimile:    (415) 397-6392
6
7  ATTORNEYS FOR ALL PLAINTIFFS

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  DEJA VU-SAN FRANCISCO, LLC; BIJOU-CENTURY, LLC; SAN FRANCISCO GARDEN OF EDEN, LLC; DEJA VU SHOWGIRLS OF SAN FRANCISCO, LLC; GOLD CLUB-SF, LLC; DEJA VU COLORADO SPRINGS, INC.; ROUGE PORTLAND, LLC; DEJA VU SPOKANE, INC.; DREAMGIRLS OF LAKE CITY, LLC; DEJA VU SEATTLE, LLC; DEJA VU LAKE CITY, INC.; DREAMGIRLS OF TACOMA, LLC; AND DREAMGIRLS OF SEATTLE, LLC., <br><br>                    Plaintiffs, <br>          v. <br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION; JOVITA CARRANZA, ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION, IN HER OFFICIAL CAPACITY; AND THE UNITED STATES OF AMERICA, <br><br>                    Defendants. | Case No. <br><br> **PLAINTIFFS' VERIFIED COMPLAINT FOR EMERGENCY TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION, AND DECLARATORY RELIEF** <br><br> Assigned to: |

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

**INTRODUCTION**

1.      This is a civil action wherein Plaintiffs seek injunctive relief to restrain Defendants from discriminating against businesses and workers who are entitled to benefit from Economic Injury Disaster Loans ("EIDL"), *see* 15 U.S.C.A. 636(b)(2) (West 2020)), especially the "Emergency EIDL Program" (15 U.S.C.A § 9009 (West 2020)) provisions of the Coronavirus, Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136 §§ 1101-03, 1107, 1110, 1114 (2020).  While Congress designed and enacted the CARES Act to speed broad relief to the economy through the businesses and workers who have been impacted by the COVID-19 pandemic, the Small Business Administration (the "SBA") and its Administrator have chosen to saddle those recovery efforts with the irrelevant ballast of decades-old regulations that impermissibly and unconscionably narrow the relief programs. Plaintiffs are First Amendment-protected businesses that have been denied EIDLs based on their expressive viewpoint and thereby the ability to participate in economic stabilization.  Because their inability to access EIDL funds threatens their very existence, Plaintiffs, on an emergency basis, seek to restrain the SBA from continuing to violate the law and Plaintiffs' fundamental First Amendment rights.

2.      Because the funding of the Emergency EIDL Program is to occur on a first-come-first-serve basis until the fund is depleted, Plaintiffs bring this action on an emergency basis and will seek a Temporary Restraining Order to prevent irreparable injury to their workers, their businesses, the entertainers who perform on their premises, and all their constitutional rights.

**JURISDICTION AND VENUE**

3.      Jurisdiction is conferred on this Court for the resolution of the substantial constitutional questions presented here by virtue of 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(1), (3), (4); 28 U.S.C. § 1346(a)(2); and 28 U.S.C. § 1361.

4.      Authority for judicial review of agency action is further provided by 5 U.S.C. § 702, which states:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 2 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5.      The prayer for declaratory relief is founded in part on Rule 57 of the Federal Rules of Civil Procedure as well as 28 U.S.C. § 2201, the latter of which provides: ". . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . ."

6.      The jurisdiction of the Court to grant injunctive relief is conferred upon this Court by Rule 65 of the Federal Rules of Civil Procedure, and by 28 U.S.C. § 2202, the latter of which provides: "Further necessary or proper relief on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

7.      No other action, civil or criminal, is pending in any state court involving the Plaintiffs regarding the activities and events at issue here.

8.      This suit is authorized by law to redress deprivations of rights, privileges, and immunities secured by the First and Fifth Amendments to the United States Constitution, and for declaratory and injunctive relief.

9.      Pursuant to 28 U.S.C. § 1391(e) venue in this Court is appropriate as Plaintiff Deja Vu - San Francisco, LLC is located in the Northern District of California (as are the other "San Francisco Plaintiffs" identified below) and has applied for an EIDL within the District; the Small

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 3 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

Business Administration operates in the District; and the injury complained of and acts causing that injury have occurred and will continue to occur in the District.

**PARTIES**

10.     Plaintiff Deja Vu - San Francisco, LLC ("DV San Francisco") is a duly-organized Nevada Limited Liability Company duly organized under the laws of that state and authorized to conduct business in the State of California.  DV San Francisco does business as Centerfolds at 391 Broadway in San Francisco, California.

11.     DV San Francisco presents lawful entertainment in conformity with its various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   City of San Francisco Occupancy Permit; and

    b.   City of San Francisco Board of Health Permit.

12.     Plaintiff Bijou - Century, LLC ("Bijou") is a Nevada Limited Liability Company duly organized under the laws of that state and authorized to conduct business in the State of California.  Bijou does business as New Century Theater at 816 Larkin Street in San Francisco, California.

13.     Bijou presents lawful entertainment in conformity with its various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   City of San Francisco Occupancy Permit;

    b.   City of San Francisco Board of Health Permit; and

    c.   City of San Francisco Theater Permit.

14.     Plaintiff San Francisco Garden of Eden, LLC ("Garden of Eden"), is a Nevada Limited Liability Company duly organized under the laws of that state and authorized to conduct business in the State of California.  Garden of Eden does business as Garden of Eden at 529 Broadway in San Francisco, California.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 4 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

15.     Garden of Eden presents lawful entertainment in conformity with its various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   City of San Francisco Occupancy Permit; and

    b.   City of San Francisco Board of Health Permit.

16.     Plaintiff Deja Vu Showgirls of San Francisco, LLC ("DVS San Francisco") is a Nevada Limited Liability Company duly organized under the laws of that state and authorized to conduct business in the State of California.  DVS San Francisco does business as Little Darlings at 312 Columbus in San Francisco, California.

17.     DVS San Francisco presents lawful entertainment in conformity with its various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   City of San Francisco Occupancy Permit; and

    b.   City of San Francisco Board of Health Permit.

18.     Plaintiff Gold Club - S.F., LLC ("Gold Club") is a Nevada Limited Liability Company duly organized under the laws of that state and authorized to conduct business in the State of California.  Gold Club does business as the Gold Club at 650 Howards Street in San Francisco, California.

19.     Gold Club presents lawful entertainment in conformity with its various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   Liquor License issued by the California Department of Alcoholic Beverage Control;

    b.   City of San Francisco Occupancy Permit; and

    c.   City of San Francisco Board of Health Permit.

20.     Plaintiff Deja Vu Colorado Springs, Inc. ("DV Colorado Springs") is a Colorado corporation duly organized and authorized to conduct business in the State of Colorado.  DV

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 5 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

Colorado Springs does business as Deja Vu Showgirls at 2145 B Street in Colorado Springs, California.

21.     DV Colorado Springs presents lawful entertainment in conformity with its various governmental licenses, permits, and other authorizations, including but not limited to:

      a.   El Paso County Public Health license/permit for Limited Food Service; and

      b.   Colorado Department of Revenue Sales Tax License.

22.     Plaintiff Rouge Portland, LLC ("Rouge") is an Oregon Limited Liability Company duly organized and authorized to conduct business in the State of Oregon.  Rouge does business as Club Rouge at 403 SW Stark Street in Portland, Oregon.

23.     Rouge presents lawful entertainment in conformity with its various governmental licenses, permits, and other authorizations, including but not limited to:

      a.   Liquor License issued by the State of Oregon; and

      b.   County Restaurant License.

24.     Plaintiff Deja Vu Spokane, Inc. ("DV Spokane") is a Washington corporation duly organized and authorized to conduct business in the State of Washington.  DV Spokane does business as Deja Vu Showgirls at East 8722 Sprague Avenue in Spokane Valley, Washington.

25.     DV Spokane presents lawful entertainment in conformity with its various governmental licenses, permits, and other authorizations, including but not limited to:

      a.   Adult Entertainment Establishment Premises issued by the City of Spokane Valley Community Development Department;

      b.   General Business License issued by the City of Spokane Valley; and

      c.   Business License issued by the State of Washington.

26.     Plaintiff Dreamgirls of Lake City, LLC ("DG Lake City") is a Washington Limited Liability Company duly organized and authorized to conduct business in the State of Washington. DG Lake City does business as Dream Girls at Rick's at 11332 Lake City Way NE in Seattle, Washington.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 6 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

27.     DG Lake City presents lawful entertainment in conformity with it is various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   Adult Entertainment Premises Permit issued by the City of Seattle;

    b.   Business License Tax Certificate and Business License issued by the City of Seattle; and

    c.   Assembly Occupancy Permit issued by the City of Seattle.

28.     Plaintiff Deja Vu Seattle, LLC ("DV Seattle") is a Washington Limited Liability Company duly organized and authorized to conduct business in the State of Washington.  DV Seattle does business as Devil's Triangle at 2027 Westlake in Seattle, Washington.

29.     DV Seattle presents lawful entertainment in conformity with it is various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   Admissions Tax Permit issued by the City of Seattle;

    b.   Adult Entertainment Premises Permit issued by the City of Seattle; and

    c.   Food Permit issued by the Public Health Department of Seattle & King County.

30.     Plaintiff Deja Vu Lake City, Inc. ("DV Lake City") is a Washington corporation duly organized and authorized to conduct business in the State of Washington.  DV Lake City does business as Deja Vu Showgirls at 14556 Bothell Way NE in Lake Forest Park, Washington.

31.     DV Lake City presents lawful entertainment in conformity with it is various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   Adult Cabaret License issued by the City of Lake Forest Park;

    b.   Business License issued by the City of Lake Forest Park; and

    c.   Commercial Places of Assembly Permit issued by the Northshore Fire Department.

//

//

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 7 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

32.     Plaintiff Dreamgirls of Tacoma, LLC ("DG Tacoma") is a Washington Limited Liability Company duly organized and authorized to conduct business in the State of Washington. DG Tacoma does business as Dream Girls at Fox's at 10707 Pacific Avenue South, Suite G in Tacoma, Washington.

33.     DG Tacoma presents lawful entertainment in conformity with it is various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   Adult Entertainment Premises Permit issued by Tacoma-Pierce County;

    b.   Place of Assembly Permit Issued by West Pierce Fire & Rescue; and

    c.   Business License issued by the State of Washington.

34.     Plaintiff Dreamgirls of Seattle, LLC ("DG Seattle") is a Washington Limited Liability Company duly organized and authorized to conduct business in the State of Washington. DG Seattle does business as Dream Girls at 1530 First Avenue South in Seattle, Washington.

35.     DG Seattle presents lawful entertainment in conformity with it is various governmental licenses, permits, and other authorizations, including but not limited to:

    a.   Adult Entertainment Premises Permit issued by the City of Seattle;

    b.   Admission Tax Registration Permit issued by the City of Seattle;

    c.   Business License Tax Certificate issued by the City of Seattle; and

    d.   Business License issued by the State of Washington.

36.     Plaintiffs DV San Francisco, Bijou, Garden of Eden, DVS San Francisco, Gold Club, DV Colorado Springs, Rouge, DV Spokane, DG Lake City, DV Seattle, DV Lake City, DG Tacoma, DG Seattle are each a "Plaintiff" and are collectively referred to as "Plaintiffs." DV San Francisco, Bijou, Garden of Eden, DVS San Francisco, and Gold Club will also be referred to as the "San Francisco Plaintiffs." DV Spokane, DG Lake City, DV Seattle, DV Lake City, DG Tacoma, and DG Seattle will also be referred to as the "Washington Plaintiffs."

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 8 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

37.     Defendant United States Small Business Administration (the "SBA") is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633, *et seq*.  The SBA maintains a branch office at 455 Market Street, Suite 600, San Francisco, California, which is within the Northern District of California.

38.     Defendant Jovita Carranza ("Carranza," or the "Administrator") is the Administrator of the SBA, a Cabinet-level position, and is sued in her official capacity only, as the Administrator of the SBA.

39.     Authority to sue the Administrator is granted by 15 U.S.C. § 634(b), which states, in part:

> In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—
>
> (1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy
>
> . . . .

40.     Plaintiffs currently do not seek monetary damage but seek only to restrain the actions of the Administrator in her official capacity.

41.     The United States of America is a sovereign nation dedicated to the protection of life, liberty, and property, as set forth in the Bill of Rights and other provisions and amendments to the Constitution of the United States of America.

## RELEVANT STATUTORY PROVISIONS AND ADMINISTRATIVE REGULATIONS

42.     Having been duly enacted by Congress and endorsed by the President, the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act" or simply the "Act"), Pub. L. 116-136, became law on or about March 27, 2020.

43.     The CARES Act created, *inter alia*, Emergency Economic Injury Disaster Loans provisions (the "Emergency EIDL Program") codified at 15 U.S.C. § 9009.

44.     The Emergency EIDL Program modified the then-existing Economic Injury Disaster Loan ("EDIL") program, codified at 15 U.S.C.A. 636(b)(2) (West 2020).

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 9 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

45.     A true and accurate copy of Section 1110 of the CARES Act, which sets forth the Emergency EIDL Program provisions, is attached hereto as **Exhibit A**.

46.     "Emergency EIDL Grant Program" is set forth in 15 U.S.C. § 9009(e). The Emergency EIDL Grant Program was originally funded by Congress to a maximum of $10,000,000,000.

47.     15 U.S.C.A. § 9009(a)(2) defines the term "eligible entity" to mean: (A) a business with not more than 500 employees;

(B) any individual who operates under a sole proprietorship, with or without

employees, or as an independent contractor;

(C) a cooperative with not more than 500 employees;

(D) an ESOP (as defined in section 632 of this title) with not more than 500

employees;

(E) a tribal small business concern, as described in section 657a(b)(2)(C) of this

title, with not more than 500 employees; or

(F) an agricultural enterprise (as defined in section 647(b) of this title) with not

more than 500 employees.

48.     15 U.S.C.A. § 9009(b), entitled "Eligible entities," further states: "During the covered period, in addition to small business concerns, private nonprofit organizations, and small agricultural cooperatives, an eligible entity shall be eligible for a loan made under section 636(b)(2) of this title."

49.     Prior to the adoption of the CARES Act, the SBA was authorized to make and/or guarantee loans for small business concerns including: "Section 7(a)" or "small business" loans, *see* 15 U.S.C.A. 636(a) (West 2020); "Business Physical Damage Loans" ("BPDL"), see 15 U.S.C.A. 636(b)(1) (West 2020); and Economic Injury Disaster Loans ("EIDL"), also defined above), see 15 U.S.C.A. 636(b)(2) (West 2020)

50.     13 C.F.R. § 123.301, applicable to the traditional EIDL program, states in part: "Your business is not eligible for an economic disaster loan if you (or any principal of the business) fits into any of the categories in §§ 123.101 and 123.201 . . . ."

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

PLAINTIFFS' VERIFIED COMPLAINT FOR EMERGENCY TEMPORARY RESTRAINING ORDER

51.     13 C.F.R. § 123.201, directly applicable to the traditional BPDL program, states in part:

> (f) You are not eligible if your business presents live performances of a prurient sexual nature or derives directly or indirectly more than de minimis gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature.

52.     Defendants, or any of them, take the position that 13 C.F.R. § 123.201 applies to loan made or sought pursuant to the Emergency EIDL Program.

53.     The SBA or its Administrator have traditionally excluded certain entities from receiving Section 7(a) loans.  Specific entity types excluded from receiving Section 7(a) loans are set forth in 13 C.F.R. § 120.110.

54.     13 C.F.R. § 120.110(p) excludes from Section 7(a) loan eligibility: "Businesses which: (1) Present live performances of a prurient sexual nature; or (2) Derive directly or indirectly more than de minimis gross revenue through the sale of products or services, or the presentation of any depictions or displays, or a prurient sexual nature;".

55.     The SBA or its Administrator's record of promulgating 13 C.F.R. § 120.110 is set forth in 60 Fed. Reg. 64356 *et seq*., a true and accurate but abridged copy of which, containing 60 Fed. Reg. 64360, is attached hereto as **Exhibit B**.

56.     The SBA or its Administrator promulgated rules that effectively adopted the 13 C.F.R. § 120.110 restrictions for Section 7(a) loans and apply them to EIDLs.

57.     In or about 1995, the SBA or its Administrator proposed certain rules applicable to the traditional EIDL program.  A true and accurate copy of 60 Fed. Reg. 58013 *et seq*., (Nov. 24, 1995) is attached hereto as **Exhibit C**.

58.     The proposed rule lodged at 60 Fed. Reg. 58013 *et seq*., *inter alia*, referenced using 13 C.F.R. § 123.201 BPDL eligibility criteria for the EIDL program.

59.     In or about 1998, the SBA issued a proposed rule to amend the EIDL program to "codify the SBA's existing policy of using the same ineligibility criteria for its economic injury disaster and business loan program[s]."  This proposed rule incorporated 13 C.F.R. § 123.201 to

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 11 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

1    be applicable to EIDL loans.  A true and accurate copy of this proposed rule, located at 63 Fed.

2    Reg. 20140, is attached hereto as **Exhibit D**.

3          60.       Ultimately, the SBA issued a final rule, located at 63 Fed. Reg. 46643 and codified

4    in part at 13 C.F.R. § 123.301, making the eligibility criteria found at 13 C.F.R. § 123.201,

5    including subsection 201(f) thereof, applicable to traditional EIDL loans.  A true and accurate

6    copy of 63 Fed. Reg. 46643 *et seq.* is attached hereto as **Exhibit E**.

7          61.       The eligibility requirements and exclusion contained in 13 C.F.R. § 123.201(f) and

8    13 C.F.R. § 123.301, as they relate to or are applied to the EIDL program or the Emergency EIDL

9    Program, are referred to as the "Regulations."

10          62.       The SBA and or its Administrator has further adopted and implemented certain

11    mandatory forms that an entity must complete to apply for an EIDL loan including as part of the

12    Emergency EIDL program.

13          63.       The SBA's mandatory application for an EIDL includes the following language:

14
15
16
> The Applicant understands that the SBA is relying upon the self-certifications contained in this application to verify that the Applicant is an eligible entity to receive the advance, and that the Applicant is providing this self-certification under penalty of perjury pursuant to 28 U.S.C. 1746 for verification purposes.

17                         \*       \*       \*

18
19
> Applicant must review and check all of the following (if Applicant is unable to check all of the following, Applicant is not an Eligible Entity):

20                         \*       \*       \*

21
22
> Applicant does not present live performances of a prurient sexual nature or derive directly or indirectly more than de minimus gross revenue through the sale of products or services, or the presentation of any depictions or displays, of a prurient sexual nature.

23          64.       A true and accurate copy of a portion of the SBA's online application process is

24    attached hereto as **Exhibit F**.

25          65.       As of at least June 15, 2020, the SBA's website states that "only agricultural

26    business applications will be accepted due to limited funding availability . . . ." A true and

27    accurate copy of the SBA's COVID-19 online information portal is attached hereto as **Exhibit G**.

28    Upon information and belief, the SBA began limiting its acceptance of EIDL applications to only

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 12 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

1  agricultural businesses (the "Agriculture-Only Policy") after Plaintiffs submitted their EIDL

2  applications.

3                                    **GENERAL ALLEGATIONS**

4           66.     Plaintiffs are commercial establishments open to the consenting adult public which

5  are in the business of, have presented, and desire to continue to present in the future, live female

6  performance dance entertainment which is fully-clothed, at times topless, and at times for certain

7  Plaintiffs, fully nude.

8           67.     None of the live performances at Plaintiffs' establishments are unlawful or

9  obscene.  No Plaintiff, nor any of the entertainers who have performed on their premises have

10  ever been charged, let alone convicted, of any crimes of obscenity.

11          68.     Plaintiffs present lawful entertainment in conformity with their various licenses,

12  permits, or governmental authorizations, as set forth above.

13          69.     Plaintiffs have been severely impacted by the COVID-19 pandemic.  Plaintiffs

14  have been and continue to be shuttered as a result of governmental "stay-at-home" orders or

15  similar orders in their particular state. As a result of such state-ordered closures, Plaintiffs have

16  suffered substantial business losses, but plan to reopen when legally permitted to do so.  All

17  Plaintiffs remain closed as of the date this complaint is filed.

18          70.     In order to sustain themselves, to survive their business losses, to satisfy their

19  business, and to provide monetary relief to their employees, Plaintiffs applied for EIDLs through

20  the Emergency EIDL Program.

21          71.     All Plaintiffs intend to use the EIDL funds in accordance with the Emergency

22  EIDL Program including using any advance provided pursuant to the Emergency EIDL Grant

23  Program, 15 U.S.C.A. § 9009(e) (West 2020), in accordance with the requirements of §

24  9009(e)(4).

25          72.     Plaintiffs each applied for an EIDL through the Emergency EIDL Program on or

26  about April 16, 2020.

27          73.     All Plaintiffs are fully qualified, but for the Regulations, to obtain loans in

28  accordance with the Emergency EIDL Program.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 13 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

74.     On May 22, 2020 the SBA issued correspondence to each Plaintiff informing each that their EIDL application had been denied.  The stated reason for each denial is: "Business activity is not eligible.  EIDL assistance is available only to a small business engaged in an eligible business activity.  Business activity means the nature of the business conducted by the applicant."

75.     A true and accurate copy of the denial letter issued to DV San Francisco is attached hereto as **Exhibit H**.

76.     A true and accurate copy of the denial letter issued to Bijou is attached hereto as **Exhibit I**.

77.     A true and accurate copy of the denial letter issued to Garden of Eden attached hereto as **Exhibit J**.

78.     A true and accurate copy of the denial letter issued to DVS San Francisco is attached hereto as **Exhibit K**.

79.     A true and accurate copy of the denial letter issued to Gold Club is attached hereto as **Exhibit L**.

80.     A true and accurate copy of the denial letter issued to DV Colorado Springs is attached hereto as **Exhibit M**.

81.     A true and accurate copy of the denial letter issued to Rouge is attached hereto as **Exhibit N**.

82.     A true and accurate copy of the denial letter issued to DV Spokane is attached hereto as **Exhibit O**.

83.     A true and accurate copy of the denial letter issued to DG Lake City is attached hereto as **Exhibit P**.

84.     A true and accurate copy of the denial letter issued to DV Seattle is attached hereto as **Exhibit Q**.

85.     A true and accurate copy of the denial letter issued to DV Lake City is attached hereto as **Exhibit R**.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 14 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

86.     A true and accurate copy of the denial letter issued to DG Tacoma is attached hereto as **Exhibit S**.

87.     A true and accurate copy of the denial letter issued to DG Seattle is attached hereto as **Exhibit T**.

88.     Plaintiffs understand that the basis for the business "nature" rejection was the Regulations.

89.     In the event that Plaintiffs are unable to obtain EIDL loans, each may lack the staff and/or funds to reopen following the COVID-19 pandemic, or to sustain their operations through a period of reduced revenue that will likely follow reopening, resulting in the permanent ruination of their businesses; the inability of Plaintiffs to engage in protected First Amendment activity; and the inability of Plaintiffs' staff, entertainers, and customers to continue engaging in or viewing protected First Amendment activity.

90.     Since the passage of the CARES Act, the SBA and its Administrator have been subject to numerous lawsuits regarding their unlawful attempts to subject CARES Act-modified programs to the SBA's historical lending exclusions, including its exclusion of small business concerns that present or derive income from the presentation of live performances of a "prurient sexual nature."

91.     In response to these various suits, the SBA and its Administrator have attempted to articulate the meaning of the word "prurient" when used in the phrases "prurient sexual nature" or "live performances of a prurient sexual nature."

92.     In <u>DV Diamond Club of Flint, LLC v. United States Small Bus. Admin.</u>, Eastern District of Michigan Case No. 20-cv-10899, at an April 30, 2020 hearing, the Defendants took the position that prurient meant "tending to arouse a 'lustful' or, you know, 'lascivious' interest in sex." "The SBA's interpretation of 'prurient,' simply refers to, you know, invoking an avert strong sexual interest."

93.     Attached hereto as **Exhibit U** is a true and accurate transcription of the April 30, 2020 hearing in <u>DV Diamond Club of Flint, LLC v. United States Small Bus. Admin.</u>, Eastern District of Michigan Case No. 20-cv-10899.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

94.     Also in <u>DV Diamond Club of Flint, LLC v. United States Small Bus. Admin.</u>, Eastern District of Michigan Case No. 20-cv-10899, at a later May 5, 2020 hearing, the Defendants took the position that prurient meant "erotic."

95.     Attached hereto as **Exhibit V** is a true and accurate transcription of the May 5, 2020 hearing in <u>DV Diamond Club of Flint, LLC v. United States Small Bus. Admin.</u>, Eastern District of Michigan Case No. 20-cv-10899.

96.     In light of the numerous decisions to date on the invalidity of the "prurient" language used in the Regulations and the numerous grounds for the Regulations being unlawful and unconstitutional on their face and as applied to these Plaintiffs, any position by the Defendants that the Regulations are valid or that the Regulations may be validly applied against these Plaintiffs is not substantially justified.

## <u>COUNT I – THE REGULATIONS VIOLATE THE FIRST AMENDMENT</u>

97.     Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

98.     In asserting their First Amendment challenges to the Regulations, each Plaintiff asserts not only their own rights but also the rights of their employees, and the entertainers who perform on its premises.

99.     The Regulations violate and are contrary to the First Amendment of the United States Constitution, on their face and as applied to Plaintiffs, for numerous and various reasons including but not limited to:

    a.   They are impermissible content and viewpoint-based restrictions on speech and expression that cannot pass muster under strict scrutiny;

    b.   They are impermissible content-neutral restrictions and expression that cannot pass muster under intermediate scrutiny;

    c.   They fail to conform to the constitutional standards regarding obscenity;

    d.   They violate the doctrine of unconstitutional conditions;

    e.   They are unconstitutionally vague under the vagueness standards for matters impacting speech and expression; and

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 16 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

f.   They are substantially overbroad in relation to their legitimate sweep.

100.   As a direct and proximate result of the unconstitutional aspects of the Regulations and the Defendants' application of the Regulations against Plaintiffs and their interests, Plaintiffs, their employees, and the entertainers who perform on Plaintiffs' premises have suffered and will continue to suffer irreparable injuries, including but not limited to financial ruin, business ruination, and the inability of present protected First Amendment protected entertainment.

**COUNT II – THE REGULATIONS VIOLATE THE FIFTH AMENDMENT**

101.   Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

102.   The Regulations violate and are contrary to the Fifth Amendment of the United States Constitution, on their face and as applied to Plaintiffs, for numerous and various reasons including but not limited to:

a.   They treat establishments presenting certain forms of performance dance entertainment, such as Plaintiffs', differently from establishments presenting other forms of entertainment or no entertainment, for no compelling, important, or rational reason;

b.   They treat workers at establishments presenting certain forms of performance dance entertainment, such as Plaintiffs', differently from workers at establishments presenting other forms of entertainment or no entertainment, for no compelling, important, or rational reason;

c.   They violate Plaintiffs' rights and those of their employees, and the entertainers who perform on their premises under the occupational liberty component of the Fifth Amendment; and

d.   They are impermissibly vague.

103.   As a direct and proximate result of the unconstitutional aspects of the Regulations and the Defendants' application of the Regulations against Plaintiffs and their interests, Plaintiffs, their employees, and the entertainers who perform on Plaintiffs' premises have suffered and will continue to suffer irreparable injuries including but not limited to financial ruin, business

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 17 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

1   ruination, and the violation of the rights protected by the Fifth Amendment of the United States

2   Constitution.

3   <u>**COUNT III – THE INVALIDITY OF THE REGULATIONS**</u>

4        104.    Plaintiffs incorporate herein by reference each and every paragraph above as

5   though fully set forth herein.

6        105.    The Regulations are not a legitimate or lawful exercise of the SBA or its

7   Administrator's rulemaking authority and are otherwise invalid under the Administrative

8   Procedure Act, 5 U.S.C.A. § 551 *et seq*. and applicable law because:

9        a.   It is clear and unambiguous as to what entities are eligible for the Emergency

10          EIDL Program under the CARES Act, which includes these Plaintiffs; thus, the

11          SBA and its Administrator lacked authority to promulgate regulations that

12          restricted or otherwise 'clarified' what entities are eligible for the program;

13       b.   The SBA and its Administrator's interpretation of the Regulations, in a manner

14          which excludes these Plaintiffs from Emergency EIDL Program eligibility, is not a

15          reasonable interpretation of the CARES Act or 15 U.S.C.A. § 636(b)(2);

16       c.   The Regulations fail to serve any lawful or legitimate regulatory purpose for the

17          SBA or its Administrator as to the Emergency EIDL Program or otherwise.

18       d.   The SBA or its Administrator failed to make a record or to otherwise articulate a

19          satisfactory explanation that the Regulations are a rational or reasonable response

20          to a problem that the agency was charged with solving; and

21       e.   The SBA or its Administrator failed to make a record or otherwise examine

22          relevant data to show that the Regulations are a rational or reasonable response to

23          a problem that the agency was charged with solving.

24       106.    The SBA or its Administrator's Agriculture-Only Policy is not a legitimate or

25  lawful exercise of the SBA or its Administrator's rulemaking authority and is otherwise invalid

26  under the Administrative Procedure Act, 5 U.S.C.A. § 551 *et seq*. and applicable law for the same

27  reasons set forth immediately above with respect to the Regulations.

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

107. As a direct and proximate result of the invalid portions of the Regulations and the Defendants' application of the Regulations against Plaintiffs and their interests, Plaintiffs, their employees, and the entertainers who perform on Plaintiffs' premises have suffered and will continue to suffer irreparable injuries including but not limited to financial ruin and business ruination.

## **PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request this Honorable Court issue and enter orders:

A) Granting a Temporary Restraining Order, Preliminary, and Permanent Injunction, enjoining the Defendants, as well as their employees, agent, and representatives, from enforcing or utilizing in any fashion or manner whatsoever, the Regulations in regard to these Plaintiffs or the loan applications made by these Plaintiffs pursuant to the Emergency EIDL Program;

B) Granting a Temporary Restraining Order, Preliminary, and Permanent Injunction, enjoining the Defendants, as well as their employees, agent, and representatives, from enforcing or utilizing in any fashion or manner whatsoever, the Agriculture-Only Policy in regard to these Plaintiffs or the loan applications made by these Plaintiffs pursuant to the Emergency EIDL Program;

C) Directing the Defendants, as well as their employees, agents, and representatives, to notify, as expeditiously as possible, all SBA district and regional offices, as well as the Application Processing Department of the Disaster Assistance Office, to immediately discontinue utilizing the Regulations or the Agriculture-Only Policy in their EIDL applications and as criteria for determining eligibility thereof, and to fully process EIDL applications without reference to the Regulation or the Agriculture-Only Policy;

D) Directing the Defendants to remove all references to the Regulations from the Online and print Emergency EIDL Application the Regulations ;

E) Directing the Defendants, as well as their employees, agents, and representatives, to reconsider and grant all EIDL applications of the Plaintiffs if they are otherwise qualified for such loans. but for the Regulation or the Agriculture-Only Policy;

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 19 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

F)     Directing the Defendants, as well as their employees, agents, and representatives, including the Application Processing Department of the Disaster Assistance Office, to restore Plaintiffs to their place in the application queue as they were at the time that their applications were electronically received by the SBA and before they were improperly denied because of the Regulation

G)     Awarding Plaintiffs attorneys' fees and costs against the Defendants pursuant to 28 U.S.C. § 2412 and otherwise; and

H)     Entering such other and further relief as this Court may find to be warranted in these circumstances.

Dated: June 15, 2020                      LONG & LEVIT LLP


By: _/s/ Douglas J. Melton_
        DOUGLAS J. MELTON
        SHANE M. CAHILL
        Attorneys for Plaintiffs Deja Vu-San Francisco,
        LLC; Bijou-Century, LLC; San Francisco Garden
        of Eden, LLC; Deja Vu Showgirls of San
        Francisco, LLC; Gold Club-SF, LLC; Deja Vu
        Colorado Springs, Inc.; Rouge Portland, LLC;
        Deja Vu Spokane, Inc.; Dreamgirls of Lake City,
        LLC; Deja Vu Seattle, LLC; Deja Vu Lake City,
        Inc.; Dreamgirls of Tacoma, LLC; and Dreamgirls
        of Seattle, LLC.
        *Attorneys for All Plaintiffs*

        BRADLEY J. SHAFER (MI P36604)*
        Brad@BradShaferLaw.com
        MATTHEW J. HOFFER (MI P70495)*
        Matt@BradShaferLaw.com
        ZACHARY M. YOUNGSMA (MI P84148)*
        Zack@BradShaferLaw.com
        SHAFER & ASSOCIATES, P.C.
        3800 Capital City Boulevard, Suite 2
        Lansing, Michigan 48906
        (517) 886-6560

        *Admission Pro Hac Vice Pending
        *Attorneys for All Plaintiffs*

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***Signature Attestation***

      I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: June 15, 2020

By: <u>/s/ Douglas J. Melton</u>

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

- 21 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

1

2

3

**VERIFICATION OF COMPLAINT AS TO:**
**Rogue Portland, LLC; Dreamgirls of Lake City, LLC; Deja Vu of Seattle, LLC; Dreamgirls of Tacoma, LLC; Dreamgirls of Seattle, LLC; Deja Vu Colorado Springs, Inc.; Deja Vu Spokane, Inc.; and Deja Vu Lake City, Inc.**

4          1.      I, Eric Forbes, am the Managing Member of: Rogue Portland, LLC; Dreamgirls of

5     Lake City, LLC; Deja Vu of Seattle, LLC; Dreamgirls of Tacoma, LLC; and Dreamgirls of

6     Seattle, LLC and the President of: Deja Vu Colorado Springs, Inc.; Deja Vu Spokane, Inc.; and

7     Deja Vu Lake City, Inc. (collectively, the "Listed Entities").

8          2.      I make this verification upon my personal knowledge, unless specifically stated to

9     the contrary.

10          3.      I have reviewed the foregoing *PLAINTIFFS' VERIFIED COMPLAINT FOR*

11    *EMERGENCY TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT*

12    *INJUNCTIVE RELIEF, AND DECLARATORY RELIEF* (the "Complaint") in its entirety.

13          4.      The factual statements in the Complaint, as they pertain to the Listed Entities, are

14    true and accurate to the best of my information, knowledge and belief.

15          5.      Except, any matters stated to be upon "information and belief," I verily believe to

16    be true.

17    **I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND**
      **CORRECT.**

18

19
      Executed on:  June 15, 2020                                    */s/ Eric Forbes*
20
                                                          By:      Eric Forbes
21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 22 -

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER

**VERIFICATION OF COMPLAINT AS TO:**
**Deja Vu – San Francisco, LLC; Bijou-Century, LLC; San Francisco Garden of Eden, LLC;**
**Deja Vu Showgirls of San Francisco, LLC; and Gold Club-SF, LLC**

1.   I, Joseph Carouba, am the Managing Member of Deja Vu – San Francisco, LLC; Bijou-Century, LLC; San Francisco Garden of Eden, LLC; Deja Vu Showgirls of San Francisco, LLC; and Gold Club-SF, LLC (collectively, the "Listed Entities").

2.   I make this verification upon my personal knowledge, unless specifically stated to the contrary.

3.   I have reviewed the foregoing *PLAINTIFFS' VERIFIED COMPLAINT FOR EMERGENCY TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DECLARATORY RELIEF* (the "Complaint") in its entirety.

4.   The factual statements in the Complaint, as they pertain to the Listed Entities, are true and accurate to the best of my information, knowledge and belief.

5.   Except, any matters stated to be upon "information and belief," I verily believe to be true.

**I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on:  June 15, 2020                                   */s/ Joseph Carouba*

                                                                          By:      Joseph Carouba

4839-4910-4320 v.1.docx

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104
(415) 397-2222

PLAINTIFFS' VERIFIED COMPLAINT FOR
EMERGENCY TEMPORARY RESTRAINING
ORDER